## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**COMMONWEATLH OF KENTUCKY**                    **RESPONDENT/PLAINTIFF**
**PAUL SMITH 14TH AMENDMENT**

**v.**                                           **CIVIL ACTION NO. 3:15CV-P624-GNS**

**AMBASSADOR ABIYAH HA BINYAH ex rel**
**PAUL SMITH**                                   **PETITIONER/DEFENDANT**

### MEMORANDUM OPINION

Unrepresented by counsel, Petitioner/Defendant "Ambassador Abiyah Ha BinYah ex rel

Paul Smith" (hereinafter, Petitioner) filed a notice of removal (DN 1) of a Jefferson County

criminal state-court proceeding (15F006080) to federal court.[1]  Thereafter, he filed an amended

notice of removal (DN 12).[2]  For the reasons that follow, the Court will dismiss the action and

remand the matter to state court.

### I.

In the petition for removal, Petitioner states that he "is the Deputy Ambassador of the

Kingdome of Yah of Hosts and Head of Mission of the House of Aharown is

a de jure International Government.  Within the range of my official duty and care is to uphold

and govern the covenant of Yah of Hosts."

---

[1] In his petition in support of removal, Petitioner seeks to file a "Cross-Counterclaim" against two Jefferson County judges and a prosecutor, and he seeks damages.  Because Petitioner seeks removal of a state-court criminal action, the foregoing claims/relief are not properly before this Court.

[2] In the amended notice of removal, Petitioner cites to 15F006080, the same criminal prosecution he seeks removed in the original notice.  In the caption, however, he additionally lists five other criminal actions (05CR00265, 05CR003464, 06CR001816, 06CR3726, and 06CR003935), but he provides no information regarding these cases, including whether they are even still pending.  The Court, therefore, does not consider those cases to be part of the instant request for removal.

Specific to his pending state-court criminal action, Petitioner reports that on June 5, 2015, "after being detained in the Jefferson county corrections, [he] immediately informed presiding Judge James M. Shakes and Judge Erica Lee Williams of his foreign official capacity" and that "during several court appearances submitted as evidence on and for the record credentials supporting his status; . . . ." He claims that he also informed the two Judges of "improper venue and lack of subject matter and personam jurisdiction over an Ambassador" but that the Judges "repeatedly after the state's attorney cited that the Ambassador was of the Kingdom of Yah of Hosts and name was Abiyah Ha BinYah, still repeatedly decided to call the Ambassador by a misnomer. (PAUL SMITH)."

Petitioner asserts that he "consistently conveyed to the presiding judge that he was a Native American Israelite; Ambassador . . . with applicable credentials to support his status. Nevertheless petitioner still asked the court to release him but was denied this Due process." He claims "that respondents have slouched under the wings of their cross (respective oaths of office) by colluding to pillage petitioners vessel, to extract the riches of this world via ledger criminal No. 2015-14753" and contends that he "has suffered and will continue to suffer from the unlawful illegal denationalization tactics performed from the respondents, who are in violation of their public trust and Oath of office and are willfully derelict of their obligation of adequate performance owed to petitioner, the Sole Beneficiary apropos this cause."

## II.

First, in support of removal of this action, Petitioner cites to 28 U.S.C. § 1251(b), which provides in pertinent part that "[t]he Supreme Court shall have original but not exclusive jurisdiction of: (1) All actions or proceedings to which ambassadors, other public ministers,

2

consuls, or vice consuls of foreign states are parties; . . . (3) All actions or proceedings by a State against the citizens of another State or against aliens."  28 U.S.C. § 1251(b)(1), (3).  He claims that "State criminal actions, administrative proceedings, etc., against an Ambassador or alien should all start in the Supreme Court.  The United States was mandated by the Constitution to protect the right to due process."  He, thus, "is claiming a right to be released immediately . . . by a writ of Habeus Corpus under Title 28, Section 2241 and due process."

Petitioner, however, initiated this action by seeking to remove a pending criminal action to federal court.  A petition for writ of habeas corpus under § 2241 is a civil action over which this Court has original federal-question jurisdiction, not removal jurisdiction.  Petitioner may file a separate habeas action if he so chooses, but he cannot seek such relief by way of this action seeking removal of a state criminal action.

Second, Petitioner argues that he "is not a UNITED STATES CITIZEN, nor a resident of the UNITED STATES" and that he "is not a state citizen of the Commonwealth, nor a resident of the commonwealth of Kentucky" (emphasis by Petitioner).  Rather, he claims that he "is a non-resident alien a foreigner official of the Kingdom of Yah of Hosts whose duty and obligation is to uphold the covenant of Yahweh of Hosts the Grand Architect of the Universe."  To this end, Petitioner relies on 28 U.S.C. § 1441(b) as a basis for removal of his state-court criminal action.  Section 1441(b), however, discusses removal of a *civil action* based on diversity of citizenship.  Petitioner is seeking to remove a *criminal action*.  Thus, § 1441(b) does not apply.

Finally, Petitioner seeks removal under 28 U.S.C. § 1455, which provides a procedure for removal of a criminal prosecution.  While § 1455 governs the *procedure* for removal, it does not authorize the *substantive* right of removal.  Rather, a state defendant may remove his criminal

prosecution only as provided in 28 U.S.C. § 1443.  This section permits removal of a criminal action by a defendant:

> (1)  Against any person who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2)  For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test.  *See Johnson v. Mississippi*, 421 U.S. 213 (1975).  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  *Johnson*, 421 U.S. at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.  That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)).  Second, a petitioner must show that he cannot enforce the specified federal right in state court.  *Johnson*, 421 U.S. at 219.  "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case."  *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

Petitioner's petition for removal neither alleges racial inequality nor that there is a formal expression of state law preventing him from enforcing his rights in state court.  He cannot show that the state trial and appellate courts will not be able to vindicate his rights.  He, therefore, meets neither prong of the two-pronged test, and removal is not proper under § 1443(1).

Nor does Petitioner's criminal action satisfy the alternative bases for removal under § 1443(2).  "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights . . .[,]' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties."  *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815).  As to the second clause of § 1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"), the Supreme Court has noted that "[i]t is clear that removal under that language is available only to state officers."  *Peacock*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues.").  As Petitioner is neither a federal officer or a person assisting a federal officer in the performance of his duties nor a state officer, neither clause of § 1443(2) applies.

5

## III.

Because removal is not authorized, the Court is without jurisdiction to entertain Petitioner's criminal action.[3]  By separate Order, the Court will dismiss this action and summarily remand the matter to state court pursuant to 28 U.S.C. § 1455(b)(4).[4]

Date: January 8, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc:     Petitioner/Defendant, *pro se*
        Counsel of record
        Clerk, Jefferson Circuit Court (15F006080)
4416.005

---

[3] As procedural guidance, however, the Court advises that should Petitioner believe that his federal constitutional rights have been violated during his criminal proceeding, he should first exhaust his available state-court remedies (on direct appeal and by way of any post-conviction collateral attacks, such as an RCr 11.42, for instance) and then file a federal habeas petition under 28 U.S.C. § 2254.

[4] Pursuant to § 1455(b)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

6